IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM ELMER HASTINGS<br>(TDCJ No. 1628234),<br><br>Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:13-cv-5015-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner William Elmer Hastings, a Texas prisoner, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be denied.

**Background**

Petitioner was indicted on two counts of aggravated sexual assault of a child under the age of fourteen. *See State v. Hastings*, F-0856619-V, F-0900729-V (292nd Judicial Dist. Ct. Dallas County, Tex.). He pleaded *nolo contendere* to the offenses and true to an enhancement, based on a prior felony theft conviction, but he neither stipulated to the evidence against him nor judicially confessed. After he waived a jury trial, and thus allowed a judge to decide guilt and punishment, he was found guilty of both offenses and sentenced to concurrent terms of fifteen years' imprisonment as to each count on February 19, 2012. His convictions were affirmed on direct appeal, after

his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See Hastings v. State*, Nos. 05-10-00264-CR, 05-10-00265-CR, 2011 WL 1317042 (Tex. App. – Dallas Apr. 7, 2011) ("We have reviewed the record and counsel's brief. We agree the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals."). And the Texas Court of Criminal Appeals (the "TCCA") denied his petition for discretionary review. *See Hastings v. State*, PD-0682-11, PD-0682-12 (Tex. Crim. App. Sept. 14, 2011).

As to the state post-conviction proceedings, the state habeas court first determined that it lacked jurisdiction to consider Petitioner's state habeas application because the direct-appeal mandate issued and Petitioner filed his application on the same day, but the TCCA determined that the state habeas court did have jurisdiction and remanded the application to allow the state habeas court to address the merits. *See Ex parte Hastings*, 366 S.W.3d 199 (Tex. Crim. App. 2012). Ultimately, however, the TCCA denied Petitioner's state habeas application without written order. *See Ex parte Hastings*, WR-77,187-03 (Tex. Crim. App. June 12, 2013); *see also* Dkt. No. 10-11 at 33-49 (state habeas court findings of fact and conclusions of law and supporting affidavit).

Through his federal habeas application, timely filed before December 27, 2013, *see* Dkt. No. 3 at 10-11, Petitioner asserts that (1) there was not sufficient evidence to support his conviction [Grounds 1 and 2], (2) there was inadmissible testimony by an expert witness [Ground 3], and (3) his trial counsel was constitutionally ineffective, *see* Dkt. Nos. 3 & 4. Respondent has answered the Section 2254 petition, *see* Dkt. No. 11,

but Petitioner has failed to file a reply.

## Legal Standards

A federal court will not reach the merits of claims denied by the state court on state procedural grounds if the state-law grounds are independent of the federal claim and adequate to bar federal review. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, 132 S. Ct. 1309, 1315, 1316-19 (2012). But, if the state procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows than an exception to the bar applies, the federal court must resolve the claim without the deference that the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 110 Stat. 1214, otherwise requires. *See Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (the AEDPA's deferential standard of review would not apply to a procedural decision of the state court); *Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir. 2000) ("Review is *de novo* when there has been no clear adjudication on the merits." (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997))); *Mercadel v. Cain*, 179 F.3d 271, 274-75 (5th Cir. 1999) ("the AEDPA deference scheme outlined in 28 U.S.C. § 2254(d) does not apply" to claims not adjudicated on the merits by the state court).

Where a state court has already rejected a claim on the merits, however, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 135 S. Ct. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the AEDPA, prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in

a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98 ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a

-6-

state court's 'decision,' and not the written opinion explaining that decision"(quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

## Analysis

### I.   Petitioner's sufficiency-of-the-evidence claims are procedurally barred.

A federal court may not consider the merits of a habeas claim where a state court has denied relief due to a procedural default, *see Sawyer*, 505 U.S. at 338, if the state court opinion contains a "plain statement" that its decision rests on adequate and independent state grounds, *see Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *see also Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) ("A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" (quoting *Busby*, 359 F.3d at 718)). To be an adequate ground for denying relief, however, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).

In Ground One, Petitioner asserts that he was convicted with "no evidence" and/or "insufficient evidence" – "the State never produced evidence to support the conviction. No medical evidence, only the word of the complainant." Dkt. No. 3 at 6.

Similarly, in Ground Two, Petitioner asserts that the "complainant [repeatedly] chang[ed] her story, and [that there were] inconsistencies." *Id.*

A true claim of "no evidence" and a claim of "insufficient evidence" are not treated as the same on habeas review, As another judge of this Court has summarized,

> [u]nder Texas law, while an allegation of "no" evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice,... [a] legal insufficiency-of-the-evidence claim is [therefore] procedurally barred from this court's review.

*Bessire v. Quarterman*, No. 4:07-cv-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009).

But, as another judge of this Court has recognized, "sufficiency of the evidence ... cannot be litigated under the guise of a 'no evidence' claim." *Mendoza v. Dretke*, No. 3:05-cv-0042-K, 2005 WL 1124513, at *1 n.1 (N.D. Tex. May 11, 2005) (citations omitted), *rec. adopted*, 2005 WL 1639330 (N.D. Tex. July 13, 2005). That is, where a "petitioner tacitly concedes that there was some evidence to support his conviction," by, for example, claiming "that the state failed to present any physical evidence or eyewitness testimony to corroborate outcry statements made by the child victim," "[s]uch an argument implicates the sufficiency of the evidence." *Id.*

Here, the state habeas court concluded that, to the extent that Grounds One and

Two present a sufficiency-of-the-evidence claim – raised for the first time in a habeas proceeding – such a claim was "not cognizable." Dkt. No. 10-11 at 35. The state habeas court concluded that, while "a claim of *no evidence* is cognizable," "a complainant's testimony, standing alone, is generally sufficient to support a conviction for sexual assault of a child." *Id.* at 36 (citing TEX. CODE CRIM. PROC. art. 38.07(a)) (collecting cases) (emphasis in original). The court then concluded that the complainant's testimony that Petitioner "assaulted her in the manner alleged in the indictment" "clearly constitutes some evidence to support the elements of the indictment and, therefore, the conviction in this case." *Id.*

Thus, like the petitioner in *Mendoza*, and as supported by the state habeas court's findings and conclusions, Petitioner has merely presented – for the first time in a post-conviction writ of habeas corpus in the state court – a sufficiency-of-the-evidence claim. *See* Dkt. No. 3 at 6 (attacking, as inconsistent, the complainant's testimony, which is some evidence to support his conviction). And, because Petitioner has failed to establish cause and actual prejudice for his default – his failure to raise this claim on direct appeal – or that failure to consider the claim now will result in a fundamental miscarriage of justice, *see Coleman*, 501 U.S. at 750, this Court is barred from reviewing Grounds One and Two, *see Ylst*, 501 U.S. at 801-07; *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *see also Mendoza*, 2005 WL 1124513, at *1 ("[I]it is well-settled under Texas law that the sufficiency of the evidence cannot be attacked for the first time on state collateral review." (citing *Renz*; *Ex parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989))).

## II.    Petitioner's inadmissible-evidence-claim is also procedurally barred.

In Ground Three, Petitioner challenges the testimony of Jennifer Masters, a therapist called by the prosecution, who Petitioner contends testified at trial "that out of over 500 clients that she was worked with, [ ] none had ever lied, fantasized, or stretched the truth about being sexually abused." Dkt. No. 3 at 7. Petitioner argues that this testimony was improper because the therapist should not have been allowed to "testify or give an opinion as to the truthfulness of her clients." *Id.* As to this ground for relief, the state habeas court found, in part, that,

> [o]n cross-examination by trial counsel, Masters testified that, in her recollection, the children she had treated had "always been one hundred percent truthful and accurate" and have "never exaggerated," but she then admitted that she had *heard* of children "lying about things that have happened."

Dkt. No. 10-11 at 36 (emphasis added).

The state habeas court further found that (1) Masters did not testify as to the truthfulness of the complainant; (2) Masters testified that, while she had not treated children who had exaggerated about abuse, some may have exaggerated about other things; and (3) on recross-examination, Petitioner's counsel was able to get Masters to agree that, if a child said that sexual abuse happened every day, it could be an exaggeration. *See id.* at 37. Most importantly, the state habeas court found that, because there was no objection at trial to the testimony on this subject, and because the claim concerning Masters's testimony was not raised on direct appeal, "this claim is procedurally barred from habeas review because [Petitioner] could have raised and litigated it at trial." *Id.* (citations omitted).

Under Texas law, a party must make a timely and proper objection to preserve a claim for appellate review. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). The objection must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). This "contemporaneous objection" rule constitutes an adequate state procedural bar for purposes of federal habeas review. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001). Texas law further provides that claims that could have been raised on direct appeal and that are presented for the first time on state collateral review are procedurally defaulted. *See Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). And the Fifth Circuit has held that "'the *Gardner* rule set forth an adequate state ground capable of barring federal habeas review.'" *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005) (quoting *Busby*, 359 F.3d at 719).

Just as with Grounds One and Two, Petitioner has failed to establish – as to Ground Three – cause and actual prejudice for his default or that failure to consider the claim now will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. This claim is therefore also procedurally barred.

**III.   Petitioner has not shown that the state court unreasonably determined that his trial counsel did not provide constitutionally ineffective assistance.**

The Court reviews Petitioner's Sixth Amendment claim under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an

objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 133 S. Ct. 1584 (2013).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to

affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

To demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403,

1410 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

Through his Section 2254 application, Petitioner asserts that his trial counsel was constitutionally ineffective for five reasons: (1) counsel failed to file a proper motion for a new trial; (2) counsel failed to call key witnesses or subpoena family members who had voiced their support for Petitioner during the pretrial investigation; (3) counsel failed to object to Masters's testimony concerning the truthfulness of her clients; (4) counsel failed to educate himself or call on a medical expert in the field of child abuse; and (5) counsel coerced Petitioner to plead *nolo contendere*. *See* Dkt. No. 3 at 7; Dkt. No. 4 at 13-18.

## A.   Motion for a new trial.

Petitioner contends that his trial counsel was ineffective for filing a motion for a new trial without addressing therein the grounds for granting a new trial or providing an affidavit in support of the motion. *See* Dkt. No. 4 at 13; *see also id.* at 23 (purported to be a copy of the motion filed by trial counsel on February 19, 2010, requesting a new trial "for the good and sufficient reason that the verdict is contrary to the law and evidence"). The motion that Petitioner provides this Court belies his claim that counsel failed to assert a ground for granting a new trial. More importantly, Petitioner has not shown *Strickland* prejudice as to any deficiencies in the motion, as filed, by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; that is, Petitioner has not shown that, had counsel filed a more complete motion, the trial court would have granted Petitioner a new trial. *Strickland*, 466 U.S. at 694; *see also* Dkt. No. 10-11 at 42 (state habeas court findings) ("trial counsel made a cogent argument for a directed verdict that the evidence was insufficient to substantiate the allegations in the indictment").

## B.   Witnesses.

Although Petitioner concedes that both complainant's father and brother offered testimony favorable to him, he argues that counsel was ineffective for failing to call his wife or other family member to testify on his behalf. *See* Dkt. No. 13 at 13-14.

> [C]omplaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified

> to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail on such a claim, a petitioner must show that the witness's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). And where the only evidence of missing witnesses' testimony is from the defendant, the court views claims of ineffective assistance with great caution. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).

*Dennis v. Quarterman*, No. 4:07-cv-20-Y, 2008 WL 1808546, at *4 (N.D. Tex. Apr.21, 2008).

In denying this same claim, the state habeas court first found trial counsel to be a credible witness, *see id.* at 38 – a determination "entitled to a strong presumption of correctness and ... 'virtually unreviewable' by the federal courts," *Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (citations omitted)) – and then relied on counsel's affidavit, in which he testified that his investigator contacted several witnesses and that counsel and the investigator made the strategic choice not to call the aunt and the grandparents based on their expressed desires not to testify. *See* Dkt. No. 10-11 at 39. Petitioner's wife, however, was present, and counsel even asked that she be brought back after the first day. *See id.* As to these witnesses, counsel further testified that,

> I had discussed with [Petitioner] prior to resting our case the situation with the aunt and grandparents, as well as my concern with calling his wife to the stand, but that if he wanted his wife to testify, she was there. He agreed not to call her or anyone else as reflected in the transcript by my statement of his consent.

*Id.*

Based on counsel's testimony and the trial record, which the state habeas court also relied on, Petitioner has failed to show that the state court's conclusion that

-16-

counsel was not ineffective as to his failure to call certain witnesses on behalf of Petitioner amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013).

### C.   Masters's testimony.

Petitioner next claims that his trial counsel was ineffective because he failed to object to the testimony of Jennifer Masters, discussed above. As to this claim, the state habeas court relied on the affidavit of trial counsel, in which counsel stated that he

> found [Masters's] whole line of testimony without merit. Even the Judge at the end of her testimony questioned her on the point I was making with regards to children exaggerating their stories as to what happened. She actually backs off her earlier testimony then comes back around with regards to it. I don't recall that she testified about children who do not lie, but rather I questioned her about whether children exaggerate what happened. It was my strategy to let [Masters] discredit herself by testifying the way she did and I believe it was backed up by the Judge's questions and statements at the end of her testimony.

Dkt. No. 10-11 at 48.

The state habeas court made several specific findings as to this claim, *see id.* at 41, and then concluded that counsel "served as a competent advocate" for Petitioner, including with regard to his strategy as to witnesses, *see id.* at 43; *see also Feldman*, 695 F.3d at 378 ("the defendant must overcome the [strong] presumption that, under the circumstances, the challenged action might be considered sound trial strategy").

As to this ground, Petitioner has again failed to prove that the state court's conclusion is "an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza*, 738 F.3d at 680.

### D.     Investigation/Obtain expertise as to child abuse.

Petitioner's claim that his trial counsel failed to acquire expertise as to child abuse falls under his wider complaint that counsel failed to conduct an adequate pretrial investigation.

The state habeas court, relying on counsel's credible testimony, disagreed. *See, e.g.,* Dkt. No. 10-11 at43 ("This Court concludes that the trial and habeas record demonstrates that [Petitioner's] trial counsel served as a competent advocate for [Petitioner]. Specifically, this Court concludes that the trial and habeas record establish that trial counsel: formulated a comprehensive understanding of the facts of the case sufficient to present an adequate defense ...."); *see also Ward v. Stephens*, 777 F.3d 250, 263-64 (5th Cir. 2015) ("'In judging the defense's investigation, as in applying *Strickland* generally, hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made and by giving a heavy measure of deference to counsel's judgments.'" (quoting *Rompilla v. Beard*, 545 U.S. 374, 381 (2005))); *Villegas v. Quarterman*, 274 F. App'x 378, 381-82 (5th Cir. 2008) (per cuiram) ("Generally accepted standards of competence require that counsel conduct a reasonable investigation.... In evaluating counsel's performance, we must conduct an objective review measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." (citations and internal quotation marks omitted)).

Petitioner has not shown that the state court's conclusion that trial counsel's

understanding of the facts of the case were sufficient to adequately defend Petitioner – thus, affirming the adequacy of counsel's understanding of the underlying subject matter of Petitioner's criminal case – is "an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza*, 738 F.3d at 680.

### E.     Coerced plea.

Concerning Petitioner's claim that his trial counsel forced him to plead *nolo contendere*, or no contest, at the last minute, the state habeas court, in denying this claim, made the following findings, after considering the credible testimony of counsel:

> As to [Petitioner's] **fifth** claim that trial counsel essentially misled and coerced him into pleading no contest, trial counsel states that he "never pushed [Petitioner] to plea[d] no contest and have [this Court] decide his guilt or punishment. This was his wish from early on in [trial counsel's] representation that he wanted [this Court] to hear this case."
>
> Trial counsel then refers to several portions in he record of [Petitioner's] trial, showing [Petitioner's] satisfaction with trial counsel's representation; [Petitioner's] knowing waiver of a jury trial; and [Petitioner's] acknowledgments that his decision to plead no contest before this Court "was made freely and voluntarily by him and no one has put anything into his head about promises or anything else" and that he "made the decision how to proceed on his own, knowing the options, as evidenced by the record."

Dkt. No. 10-11 at 40 (quoting Dkt. No. 10-11 at 49 (citing trial record)) (emphasis in original). In light of this Court's review of the state court record, Petitioner has not shown that the state habeas court's conclusion as to this final ground for relief under the Sixth Amendment – that the record belies Petitioner's claim that his counsel coerced him to plead no contest – amounts "to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza*, 738 F.3d at 680.

Accordingly, all of Petitioner's Sixth Amendment claims are without merit and should be denied.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 6, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE